UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIO CABRERA,<br><br>    Plaintiff,<br><br>    v.<br><br>G. COLLINS, et al.,<br><br>    Defendants. | Case No. 1:19-cv-01341-DAD-SKO (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF**<br><br>(Doc. 45) |

On March 11, 2021, the parties settled this matter at a settlement conference held before the undersigned. (Docs. 40-41.) On March 30, 2021, the parties filed stipulations of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Docs. 42-43.) On March 31, 2021, the Court closed this case, but retained jurisdiction over the parties' settlement agreement to enforce its terms. (Doc. 44.)

On July 15, 2021, Plaintiff filed a motion for miscellaneous relief. (Doc. 45.) Defendants filed a response on August 5, 2021. (Doc. 47.) Plaintiff has not filed a reply, and the time to do so has passed. *See* Local Rule 230(l).

In his motion, Plaintiff requests that the Court instruct Defendants to provide him a copy of the parties' settlement document, and he asks the Court if he will have to wait 180 days from the date of settlement to receive his settlement funds. (Doc. 45 at 2.) Plaintiff also appears to express concern regarding the possible imposition of taxes on his settlement funds. (*Id.* at 1-2.)

In their response, Defendants state that "copies of all settlement documents . . . will be sent to [Plaintiff]." (Doc. 47 at 2.) Therefore, assuming the copies were sent to Plaintiff as indicated, Plaintiff's request to instruct Defendants to provide him copies is moot.

Defendants also contend that, "[t]o the extent that Plaintiff is concerned that taxes will be withdrawn from his settlement funds, the issue is not ripe for consideration." (*Id.*) The Court agrees. As of the date of his motion, the settlement funds had not yet been provided to Plaintiff, and thus no related taxes had been withdrawn from those funds. In addition, it is unclear what Plaintiff is actually requesting with respect to this issue.

Lastly, the Court does not have the parties' settlement agreement before it. However, per the material terms placed on the record at the March 11, 2021 settlement conference, Defendants agreed to provide Plaintiff the settlement funds within 180 days of the date on which he and Defendants executed their settlement agreement. According to Defendants, as of the date of Plaintiff's motion, 180 days had not yet passed. (*Id.* at 1.)

Based on the foregoing, the Court DENIES Plaintiff's motion (if any) regarding the disbursement of settlement funds. The Court additionally DENIES Plaintiff's motion regarding copies of the parties' settlement documents as moot and his motion (if any) regarding taxes on his settlement funds as not ripe.

IT IS SO ORDERED.

Dated:   **September 30, 2021**          /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE