1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DEMETRIO CABRERA,                        Case No. 1:19-cv-01341-DAD-SKO (PC)

12                  Plaintiff,
                                              **ORDER DENYING PLAINTIFF'S**
13          v.                                **REQUEST FOR MISCELLANEOUS**
                                              **RELIEF**
14   G. COLLINS, et al.,
                                              (Doc. 49)
15                  Defendants.

16

17       **I.      BACKGROUND**

18          On March 11, 2021, the parties settled this matter at a settlement conference held before

19   the undersigned. (Docs. 40-41.) On March 30, 2021, the parties filed stipulations of dismissal

20   with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Docs. 42-43.) On

21   March 31, 2021, the Court closed this case, but retained jurisdiction over the parties' settlement

22   agreement to enforce its terms. (Doc. 44.)

23          On July 15, 2021, Plaintiff filed a motion for miscellaneous relief. (Doc. 45.) Defendants

24   filed a response on August 5, 2021. (Doc. 47.)

25          On October 1, 2021, the Court issued its Order Denying Plaintiff's Motion for

26   Miscellaneous Relief. (Doc. 48.) The Court found Plaintiff's request that the Court instruct

27   Defendants to provide copies of the settlement documents to Plaintiff to be moot, as those

28   documents were appended to Defendants' response to his request. (Doc. 48 at 2.) The Court also

1  found Plaintiff's concerns regarding the withdrawal of taxes from the settlement funds to be

2  unripe. (*Id*.) The Court also noted it did not "have the parties' settlement agreement before it,"

3  and that the 180 days within which Defendants had to provide Plaintiff with the settlement funds

4  "had not yet passed." (*Id*.)

5        On October 18, 2021, Plaintiff filed a response to the Court's order and a request for an

6  order to defense counsel to provide Plaintiff with the settlement funds as the 180 days had passed.

7  (Doc. 49.)

8        On November 24, 2021, the Court issued an Order Directing Defendants to File a

9  Response to Plaintiff's request within 21 days. (Doc. 50.)

10        On December 15, 2021, Defendants filed a response to the Court's Order, including

11  supporting declarations and exhibits. (Doc. 51.) On January 14, 2022, Plaintiff filed a reply to

12  Defendants' response. (Doc. 52.)

13      **II.**    **DISCUSSION**

14        To the extent Plaintiff's October 18, 2021, request sought an order directed to Defendants

15  to provide Plaintiff with the settlement funds, that request is now moot. As evidenced in

16  Defendants' December 2021 response, the settlement funds were disbursed and deposited into

17  Plaintiff's inmate trust account on November 10, 2021. (*See* Docs. 51 at 2, 51-1 at 2, ¶ 3 & 51-2

18  at 2, ¶ 4.)

19        To the extent Plaintiff was concerned that taxes would be deducted from the settlement

20  funds, those concerns are now moot. As evidenced in Defendants' December 2021 response, no

21  taxes were withheld from the settlement funds deposited into Plaintiff's inmate trust account on

22  November 10, 2021. (*See* Docs. 51 at 3-4 & 51-2 at 3, ¶ 8 & Ex. B.)

23        Plaintiff requests that the Court order payment of "penalties of 5%" for "each day of the

24  delays," amounting to a daily penalty of "$175" for "50 days delays" for a total penalty of

25  "$8,750.00." (Doc. 52 at 4.) Plaintiff's request is denied.

26        First, the signed settlement agreements reflect Terms and Conditions that provide as

27  follows:

28  //

1
2
3
4
5
6

> CDCR will make a good-faith effort to pay the settlement amount (minus any restitution amounts, liens and fees) within 180 days from the date Plaintiff delivers to Defendants a signed settlement agreement, a notice of voluntary dismissal with prejudice, and all of the required Payee Data Forms. Plaintiff understands that payments may be delayed by the lack of a State budget, a funding shortfall despite a State budget, the processing efforts of the State Controller's Office, and other events not attributable to Defendants or CDCR. Unless expressly stated otherwise, no interest shall be paid on the settlement amount.

7   (*See* Doc. 51-1 at 8, ¶ 4.) Thus, the parties agreed to a potential 180-day deadline for the

8   disbursement of settlement funds. The 180-day deadline was contingent upon several factors,

9   including CDCR's good faith efforts. (*Id*.) The Declaration of K. Van Dyke in support of

10  Defendants' December 2021 response explains that "inadvertent administrative delay caused in

11  large part by a shortage in CDCR staff" was the reason Plaintiff received the settlement funds 50

12  days later than anticipated. (*See* Doc. 51-1 at 2, ¶ 3.) The declaration also states that "the delay

13  was unintentional and not due to bad faith on the part of CDCR," and was instead caused by an

14  "understaffed" CDCR Settlement Coordinator's Office "experiencing a backlog in the processing

15  of settlements entered into by CDCR and its individual employees." (*See* Doc. 51-1 at 2, ¶ 4.) The

16  Court finds no bad faith on the part of CDCR, its employees, or counsel for Defendants and

17  declines to order any penalty for the delay.

18      Second, the settlement agreement provides that "no interest shall be paid on the

19  settlement" funds. (*See* Doc. 51-1 at 8, ¶ 4.) It also provides that "[n]o other monetary sum will be

20  paid to Plaintiff." (*See* Doc. 51-1 at 8, ¶ 5.) The Court therefore declines to order any penalty for

21  the delay.

22      Finally, Plaintiff contends he was obligated to pay funds in two matters, rather than the

23  three matters claimed by Defendants. (*See* Doc. 52 at 2-4.) Plaintiff offers handwritten documents

24  as exhibits to support his position. (*Id*. at 6-7, 14-15.)  Plaintiff has also apparently submitted an

25  inmate grievance related to this issue. (*Id*. at 9-13, 16.) As evidenced by the Declaration of S.

26  Saunders and the exhibits appended in support of Defendants' Response filed December 15,

27  2021, Plaintiff was required to pay restitution in three matters at the time the settlement funds

28  were deposited into his inmate trust account: Kern County Superior Court case number

3

1    DF012578, Kern County Superior Court case number DF013366, and Kern County Superior

2    Court case number DF014200. Plaintiff was also obligated to pay the balance of the filing fee

3    owed in this matter. (*See* Doc. 51-2 at 2, ¶¶ 6-7 & Ex A; *see also* Doc. 6 [Order Directing

4    Payment of Inmate Filing Fee issued 10/9/19].) Accordingly, the withdrawal of monies from the

5    settlement funds deposited in November 2021 to satisfy Plaintiff's obligations, and the related

6    administrative fees, was proper and correct. The Court therefore declines to order reimbursement

7    in the sum of "$300 and administrative fee of amount $15.00" (Doc. 52 at 4), as requested by

8    Plaintiff.

9           **III.    CONCLUSION AND ORDER**

10          Based on the foregoing, Plaintiff's request for miscellaneous relief (Docs. 49, 52) is

11   DENIED. The matter remains closed.

12

13   IT IS SO ORDERED.

14   Dated:   **April 12, 2022**                         */s/ Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE
15

16

17

18

19

20

21

22

23

24

25

26

27

28